1 MICHELLE R. BERNARD  (SBN: 144582)
mbernard@grsm.com
2 SCOTT P. WARD (SBN: 181182)
sward@grsm.com
3 GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
4 San Diego, CA 92101
Telephone:  (619) 230-7769
5 Facsimile:  (619) 696-7124

6 Attorneys for Defendant
NATIONWIDE AGRIBUSINESS
7 INSURANCE COMPANY

8

9 UNITED STATES DISTRICT COURT

10 SOUTHERN DISTRICT OF CALIFORNIA

11 RAYMOND E. LODGE, an individual ) CASE NO. **'23CV1057 JES  DEB**
and d/b/a R.E. LODGE RANCH )
12 ENTERPRISES ) San Diego County Superior Court Case No.
) 37-2023-00018356-CU-BC-NC
13 Plaintiff, )
) **DEFENDANT'S NOTICE OF**
14 vs. ) **REMOVAL OF CIVIL ACTION**
) **[28 U.S.C. §§ 1332, 1441, AND**
15 NATIONWIDE AGRIBUSINESS ) **1446]**
INSURANCE COMPANY, an IOWA )
16 corporation; and DOES 1 through 10, )
inclusive, )
17 )
Defendants. )
18 )

19

20

21 TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT

22 COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

23 PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332(a),

24 1441(a) and 1446, Defendant NATIONWIDE AGRIBUSINESS INSURANCE

25 COMPANY ("Nationwide" or "Defendant") removes this action from the

26 Superior Court of the State of California for the County of San Diego to the United

27 States District Court for the Southern District of California.  This Court has

28 original jurisdiction of this action under 28 U.S.C. section 1332(a) because there

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-1-
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    is complete diversity of citizenship between Plaintiffs RAYMOND E. LODGE

2    and d/b/a R.E. LODGE RANCH ENTERPRISES ("Plaintiff"), on the one hand,

3    and Nationwide on the other, and the amount in controversy exceeds the sum of

4    $75,000, exclusive of interests and costs.

5        In support of this Notice of Removal, Nationwide further states:

6        1.    Plaintiff commenced this action against Nationwide on May 1, 2023

7    by filing a complaint in the Superior Court of California for the County of San

8    Diego ("Complaint").  Upon the filing of the Complaint, the case was assigned

9    case number 37-2023-00018356-CU-BC-NC.  A true and correct copy of the

10   Complaint is attached hereto as Exhibit 1.

11       2.    The Complaint and a Summons on the Complaint were first served

12   upon Nationwide's registered agent (CSC) on May 8, 2023.  A true and correct

13   copy of the Summons and Proof of Service of the Summons are attached hereto as

14   Exhibit 2.

15       3.    On about May 8, 2023, together with the Summons and Complaint,

16   Nationwide's registered agent received additional San Diego County Superior

17   Court documents, including the Civil Case Cover Sheet, Alternative Dispute

18   Resolution Information, Notice of Case Assignment, and Notice of Case

19   Management Conference.  A true and correct copy of these additional documents

20   are attached hereto as Exhibit 3.

21       4.    On May 15, 2023, Plaintiff filed a Proof of Summons – Personal

22   Service with the San Diego County Superior Court.  A true and correct copy of the

23   Proof of Personal service is attached hereto as Exhibit 4.  Exhibits 1 through 4

24   represent the entirety of the San Diego County Superior Court file.

25       5.    The Complaint arises out of Nationwide's alleged failure to pay

26   certain attorney's fees and costs allegedly incurred to defend Plaintiff against a

27   counterclaim ("Counterclaim") filed by Roberta Barbanell and her related trusts

28   (collectively "Respondents") in an underlying arbitration proceeding.  Nationwide

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    agreed to defend Plaintiff against the Counterclaim subject to a reservation of

2    rights under Policy No. FPK FMPN 7890685759 issued to Lodge for the policy

3    period effective February 22, 2020 to February 22, 2021 ("Policy"), and provided

4    Plaintiff with independent counsel pursuant to California Civil Code Section 2860.

5        6.    Defendant Nationwide is informed and believes that it is the only

6    defendant that has been served with the Summons and Complaint in this action.

7    Defendants designated as Does 1 through 10 are fictitious defendant, are not

8    parties to this action, have not been served, and are to be disregarded for purposes

9    of this removal.  See 28 U.S.C. § 1441(a).

10       7.    Plaintiff Raymond E. Lodge, individually and doing business as R.E.

11   Lodge Ranch Enterprises, was at the time of filing the Complaint a natural person

12   residing and doing business in San Diego County, California. (Complaint, ¶ 1.)

13   Therefore, for purposes of Diversity Jurisdiction, Plaintiff is a citizen of the State

14   of California.

15       8.    Removal is appropriate because Defendant Nationwide is not a citizen

16   of the State of California for purposes of diversity.  At the time of the filing of this

17   action and this Notice of Removal, Plaintiff alleges that Nationwide is and was an

18   Iowa Corporation with its principal place of business in Des Moines, IA 50391.

19   (Complaint ¶ 2.)    Consistent with *Tosco Corp. v. Communities for a Better*

20   *Environment,* 236 F.3d 495 (9th Cir. 2001) and *Industrial Techtonics, Inc. v. Aero*

21   *Alloy*, 912 F.2d 1090 (9th Cir. 1990), the "substantial predominance" of

22   Nationwide's business activities occur in the State of Iowa, and not in the State of

23   California.

24       9.    Pursuant to 28 U.S.C. Section 1441(b), diversity suits are removable

25   "If none of the parties in interest properly joined and served as defendants is a

26   citizen of the State in which such action is brought."

27       10.   Because Nationwide is incorporated in Iowa and its principal place of

28   business is in Iowa, Nationwide is not a citizen of California. See *Hertz Corp. v.*

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   *Friend*, 569 U.S. 77, 130 S. Ct. 1181, 1185 (2010). [For diversity purposes "A

2   corporation shall be deemed a citizen of any State by which it has been

3   incorporated and of the State where it has its principal place of business."]

4       11.   In the Complaint, Plaintiff's Breach of Contract cause of action alleges

5   that "…NATIONWIDE has failed and/or refused to effectively or fully defend

6   LODGE respecting the claims brought in the Underlying Action" and that "As a

7   direct and proximate result of the breaches by NATIONWIDE…LODGE has

8   incurred substantial attorneys' fees and costs, experts' fees and costs and other

9   expenses in defense, repair, loss adjustment, mitigation and investigation in an

10   amount within the jurisdictional limits of this Court…" (Complaint, at ¶¶ 17, 22.)

11       12.   In December 2022, Plaintiff's counsel David Blau, Esq. sent a letter to

12   Nationwide's coverage counsel requesting that Nationwide pay $951,025.74

13   toward Plaintiff's attorney's fees and costs in connection with the underlying

14   arbitration. (*See* Declaration of Karen Uno, Esq. filed concurrently with this

15   Notice, at ¶ 5, and Exhibit "1" thereto.)  Since December 2022, Mr. Blau has

16   submitted for payment several additional invoices from Plaintiff's attorneys and

17   vendors in connection with the underlying arbitration. (*See* Declaration of

18   Karen Uno, Esq. at ¶ 5.)

19       13.   To date, Nationwide has paid approximately $803,000 for Plaintiff's

20   independent counsel fees, appointed defense counsel fees and defense costs in

21   connection with the defense of the Counterclaim in the underlying arbitration.

22   (*See* Karen Uno Declaration, at ¶ 6.)  Nationwide has rejected payment of at least

23   $150,000 in attorney's fees and vendor invoices submitted for payment by

24   Plaintiff's attorneys on the grounds these disputed expenses were not incurred in

25   connection with the defense of the Counterclaim (*i.e.* they are attorneys' fees and

26   costs associated with Plaintiff's affirmative claims against the Respondents in the

27   underlying arbitration for which Nationwide has no contractual obligation to pay

28   under the terms of the Policy). (*Id.*)   Accordingly, the alleged amount in

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1    controversy for Plaintiff's claimed breach of contract damages in the above-

2    captioned action is in excess of $75,000, exclusive of interest and costs.

3        14.    Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of

4    Removal is being filed with the Clerk of the San Diego County Superior Court.

5    No other documents have or will be filed in the San Diego County Superior Court

6    by Nationwide.

7        15.    Pursuant to 28 U.S.C. Section 1446(d), Nationwide is providing this

8    Notice of Removal to Plaintiff.

9        WHEREFORE, Nationwide hereby removes this action from the Superior

10    Court of the State of California for the County of San Diego to this Court, and

11    requests that this Court exercise jurisdiction over all further proceedings in this

12    action.

13    Dated: June 6, 2023                    GORDON REES SCULLY
                                             MANSUKHANI, LLP
14

15

16                                    By:    /s/*Michelle R. Bernard*
                                             Michelle R. Bernard
17                                           Scott P. Ward
                                             Attorneys for Defendant
18                                           NATIONWIDE
                                             AGRIBUSINESS
19                                           INSURANCE COMPANY

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION